```
                        United States District Court
                          District of Connecticut
```

```
------------------------------x
                              :
OLGA PATRICIA CONTRERAS,      :
                              :
              Plaintiff,      :
                              :
v.                            :     CASE NO. 3:12CV1770(AWT)
                              :
GEORGETTE PERIMENIS, JILL     :
EDGAR, MAGDALENA CASTRO,      :
BRIANNE WHITE AND HENSLEY     :
FLASH,                        :
                              :
              Defendants.     :
                              :
------------------------------x
```

**ORDER RE DEFENDANT FLASH'S MOTION TO DISMISS**

The pro se plaintiff, Olga Patricia Contreras, filed this lawsuit against Georgette Perimenis, Dr. Jill Edgar, Magdalena Castro ("Castro"), Brianne White ("White") and Hensley Flash ("Flash"). The plaintiff brings a claim for discrimination on the basis of her national origin in connection with the removal of her child. On May 3, 2013, defendant Flash filed a motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant Flash's motion to dismiss is being granted.

Defendant Flash argues that the complaint should be dismissed on the basis of absolute immunity. The Supreme Court has held that "in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v.

Pachtman, 424 U.S. 409, 431 (1976). "Imbler defined the scope of prosecutorial immunity not by the identity of the actor, but by reference to the 'function' performed." Warney v. Monroe Cnty., 587 F.3d 113, 121 (2d Cir. 2009) (citing Imbler, 424 U.S. at 430). "[A]cts that are 'intimately associated with the judicial phase of the criminal process'" are shielded by absolute immunity, while "'those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate'" are not. Warney, 587 F.3d at 121 (quoting Imbler, 424 U.S. at 430–31).

"Thus, to establish immunity, the 'ultimate question' is 'whether the prosecutors have carried their burden of establishing that they were functioning as "advocates" when they engaged in the challenged conduct.'" Warney, 587 F.3d at 121 (quoting Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996)). "[A] defendant's motivation in performing...advocative functions is irrelevant to the applicability of absolute immunity." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004). "A defendant engaged in advocative functions will be denied absolute immunity only if he acts without any colorable claim of authority." Id. at 504 (internal quotation marks omitted). Even conduct that is "reprehensible...does not make the prosecutor amenable to a civil suit for damages." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (internal quotation marks omitted).

Defendant Flash, an assistant attorney general, represents the Connecticut Department of Children and Families in civil juvenile matters.  Here, the plaintiff makes no specific allegations against defendant Flash.  From the record, however, it is apparent that the only actions taken by Flash with respect to the plaintiff relate to the DCF child neglect case involving the plaintiff and her daughter.  Therefore, Flash was acting in his role as an advocate, had the authority to prosecute the plaintiff for child neglect on behalf of the state and is entitled to absolute immunity.

Accordingly, the Motion to Dismiss (Doc. No. 24) is hereby GRANTED.

The Clerk shall close the case as to defendant Flash.

It is so ordered.

Signed this 20th day of August, 2013 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge