**United States District Court**
**District of Connecticut**

```
-------------------------------x
                               :
OLGA PATRICIA CONTRERAS,       :
                               :
           Plaintiff,          :
                               :
v.                             :    CASE NO. 3:12CV1770(AWT)
                               :
GEORGETTE PERIMENIS, JILL      :
EDGAR, MAGDALENA CASTRO,       :
BRIANNE WHITE AND HENSLEY      :
FLASH,                         :
                               :
           Defendants.         :
                               :
-------------------------------x
```

### ORDER RE DEFENDANT WHITE'S MOTION TO DISMISS

The pro se plaintiff, Olga Patricia Contreras, filed this lawsuit against Georgette Perimenis, Dr. Jill Edgar, Magdalena Castro ("Castro"), Brianne White ("White") and Hensley Flash ("Flash"). The plaintiff brings a claim for discrimination on the basis of her national origin in connection with the removal of her child. On May 3, 2013, defendant White filed a motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant White's motion to dismiss is being granted.

The plaintiff alleges that defendant White, a social worker employed by the Connecticut Department of Children and Families, violated her parental rights by removing the child from her care and custody. Parents have a liberty interest, protected by the

Fourteenth Amendment, in the "care, custody and management of their children." Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999). The interests of parents, however, are counterbalanced by a "compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." Wilkinson ex rel. Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir. 1999) (internal quotations omitted). "In cases of suspected child abuse, therefore, caseworkers are often faced with the choice of interrupting parental custody and possibly being accused of infringing a parent's constitutional rights, or not removing a child and possibly infringing the child's rights." Emerson v. City of New York, 740 F. Supp. 2d 385, 391 (S.D.N.Y. 2010) (citing Kia P. v. McIntyre, 235 F.3d 749, 758 (2d Cir. 2000)).

To balance these concerns, courts give caseworkers "unusual deference" and impose few concrete restrictions on their exercise of discretion. See Wilkinson, 182 F.3d at 104. Consequently, for an investigation to pass constitutional muster, a caseworker need only have a "reasonable basis for their finding of abuse...consistent with some significant portion of the evidence before them." Id. at 104-08 (quotation marks omitted). Thus, to prevail on a constitutional claim against a caseworker, a plaintiff must demonstrate that the caseworker's actions were "shocking, arbitrary, and egregious."

See Shapiro v. Kronfeld, No. 00-CV-6286, 2004 WL 2698889, at *16 (S.D.N.Y. Nov. 24, 2004) (quoting Anthony v. City of New York, 339 F.3d 129, 143 (2d Cir. 2003)).  Here, the plaintiff has failed to plead facts that plausibly suggest that the actions of defendant White were "shocking, arbitrary, and egregious."  For example, she alleges that after White visited her home, he wrote a report that cast her in a negative light and that he did not treat her with respect and dignity.  See Am. Compl., Doc. No. 11, at 10-11.  Therefore, the court is dismissing the plaintiff's constitutional claims against defendant White related to the removal of her child.

 Accordingly, the Motion to Dismiss (Doc. No. 25) is hereby GRANTED.

 The Clerk shall close the case as to defendant White.

 It is so ordered.

 Signed this 20th day of August, 2013 at Hartford, Connecticut.

           _____/s/_____
             Alvin W. Thompson
           United States District Judge