United States District Court
District of Connecticut

```
-------------------------------x
                                :
OLGA PATRICIA CONTRERAS,        :
                                :
            Plaintiff,          :
                                :
v.                              :    CASE NO. 3:12CV1770(AWT)
                                :
GEORGETTE PERIMENIS, JILL       :
EDGAR, MAGDALENA CASTRO,        :
BRIANNE WHITE AND HENSLEY       :
FLASH,                          :
                                :
            Defendants.         :
                                :
-------------------------------x
```

## **ORDER RE DEFENDANT PERIMENIS'S MOTION TO DISMISS**

The pro se plaintiff, Olga Patricia Contreras, filed this lawsuit against Georgette Perimenis ("Perimenis"), Dr. Jill Edgar, Magdalena Castro, Brianne White and Hensley Flash. The plaintiff brings a claim for discrimination on the basis of her national origin in connection with the removal of her child. On July 5, 2013, defendant Perimenis filed a motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant Perimenis's motion to dismiss is being granted.

On March 21, 2012, the Office of the Chief Public Defender for the State of Connecticut, Child Protection Division, appointed Perimenis as a special public defender to represent the plaintiff's minor child in a juvenile matter in state court.

Here, the plaintiff brings claims for, inter alia, national origin discrimination and violations of her parental rights related to the removal of her child.

Defendant Perimenis argues that the claims asserted against her should be dismissed for want of jurisdiction and failure to state a claim upon which relief can be granted. "It is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir. 1994). A person acts under color of state law when he exercises "some right or privilege created by the State...or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988). However, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant." Polk County v. Dodson, 454 U.S. 312, 325 (1981). "Court-appointed attorneys performing a lawyer's traditional functions as counsel do not act 'under color of

state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (citing Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979)). This immunity is "based on policy reasons which equate the functions served by public defenders and court-appointed attorneys with those served by prosecutors, given absolute immunity from § 1983 suits in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)." Housand, 594 F.2d at 925. In the juvenile matter in state court, Special Public Defender Perimenis was a private attorney appointed by the court to represent the plaintiff's daughter at trial and is not subject to suit under § 1983 for action taken in her role as defense counsel.

A non-state actor could be subject to liability under section 1983 if she conspires with state actors—even state actors immune from liability under § 1983—because "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984) (describing holding of Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)). To state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege facts "show[ing]: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Even before Iqbal and Twombly, the Second Circuit had consistently held that a claim of conspiracy to violate civil rights requires more than general allegations. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002). Here, the plaintiff makes no specific allegations against defendant Perimenis; she is not even mentioned in the body of the complaint. Thus, the plaintiff has not alleged a § 1983 conspiracy claim against her.

Accordingly, the Motion to Dismiss (Doc. No. 34) is hereby GRANTED.

The Clerk shall close the case as to defendant Perimenis.

It is so ordered.

Signed this 20th day of August, 2013 at Hartford, Connecticut.

```
          _____/s/_____
                 Alvin W. Thompson
              United States District Judge
```